C. SCOTT AND W. C. McLEAN, TRADING AS C. SCOTT & CO., v. L. SCOTT REYNOLDS, ADMINISTRATOR OF L. M. SCOTT.

(Filed 12 November, 1913.)

Trials — Debtor and Creditor — Account—Evidence—Admission of Correctness—Judgment—Interest.

> Where there is evidence that the deceased had examined, before his death, the account for which his administrator is sued, and had said it was right, promising to pay it out of certain moneys he was expecting, and that the account sued on was the same as that the deceased had acknowledged, except as to added interest, it is not reversible error for the witness to testify that the account was for groceries, though he testified that he had not personally sold them; and the amount of the debt being established by the verdict of the jury on this evidence, it was proper that the interest thereon be allowed in the judgment.

APPEAL by defendant from *Shaw, J.,* at September Term, 1913, of GUILFORD.

Civil action tried upon this issue: "Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: $631.63, with legal interest from 30 November, 1910, to present date."

The defendant excepted and appealed.

*No counsel for plaintiff.*
*Adams & MacLean for defendant.*

BROWN, J. This action is brought to recover an account for groceries alleged to have been purchased by defendant's intestate · from the plaintiffs.

The defendant assigns error because the witness Mann was permitted to testify that the account presented to L. M. Scott, defendant's intestate, was for groceries. The witness Mann testified:

That he works for C. Scott & Co.; clerk in the store; that he knew Levi M. Scott; that he had heard the testimony of Mr. C. Scott; that he presented the account to Mr. Levy Scott; that he took it and looked at it and said: "That is Mr. Clarence Scott, is it?" Witness said, "Yes, sir." He said, "That is all right. I am expecting some dividends from some insurance cases along later in the spring, and I want to settle that up."

This is all that witness said to him about it. That Mr. Scott looked at the account when he said it was all right, and had the account in his hands when he said that; that the amount of the account was $631.63; that the account was the same one presented here; that this is the account he presented, without the interest on it.

Upon cross-examination, the witness testified that it was some time right after the first of the year of 1911 when he presented the account to Mr. Scott; that he presented it to him in his office, right over here near the courthouse. On redirect examination, witness testified that he did not sell any of the goods to Mr. Scott; that Mr. Scott never traded any there after he went to work there for Mr. Scott. Witness was asked this question: "What was the account you presented to him for?" Defendant objected. The court remarked: "I think it is competent." Defendant excepted. Witness answered: "For groceries."

We see no merit in this exception. If the evidence is believed, it proves that the account was duly presented for payment to defendant's intestate and that he recognized and promised to pay it.

It is true the witness did not personally sell the goods, but the fact that they were groceries was doubtless apparent in the account itself.

The remaining assignments of error have as little merit as the above, and need no discussion.

Having proved to the satisfaction of the jury that the account was duly presented and that the defendant's intestate promised to pay it, the plaintiff was clearly entitled to interest.

No error.